IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NORMA J. ROBERTS, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 3:08-cv-00531 |
| MICHAEL J. ASTRUE, | ) Judge Thomas A. Wiseman, Jr. |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
|     Defendant. | ) |

## ORDER

Upon the Magistrate Judge's Report and Recommendation recommending that the Plaintiff's Motion for Judgment on the Administrative Record be granted and the underlying decision by the Social Security Administration be reversed, to which no objections were filed, this Court entered an Order granting the Plaintiff's motion for judgment, denying the defendant's motion for judgment, reversing the defendant Commissioner's decision and remanding for further administrative proceedings consistent with the Order and Memorandum Opinion, specifically to include a rehearing. (Doc. No. 26.)

Now before the Court is Plaintiff's Application for Attorney Fees (Doc. No. 28) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner has filed a response in opposition to that motion (Doc. No. 31), in which he insists that "special circumstances" warrant denial of the request for a fee award. Specifically, the Commissioner contends that the Magistrate Judge's "sua sponte" reliance on Social Security Ruling 06-03p to find for the Plaintiff based on a theory that was not advanced by the Plaintiff constitutes a "special circumstance." Further, the defendant insists that Plaintiff's attorney did not actually prevail on any of his proffered grounds for reversal and remand; rather, each of his arguments was rejected by the Magistrate Judge in his Report and Recommendation.

The Court rejects the Commissioner's argument. The Magistrate Judge did in fact apply the "other source" definitions set out in SSR 06-03p and recommended remand and a new hearing to consider Plaintiffs mental health assessments and GAF scores on that basis. Plaintiff's attorney, however, while not referencing SSR 06-03p, did argue that the ALJ erred in failing to consider Plaintiff's GAF scores and that those scores, along with other evidence in the record, demonstrated the Plaintiff

suffered from disabling mental difficulties.  Further, the Magistrate Judge also recommended reversal and rehearing based in part on the lack of substantial evidence to support of the ALJ's determination of Plaintiff's exertional residual functional capacity, which argument was raised by Plaintiff's counsel.

In sum, the Court finds that the Commissioner's position is not substantially justified and that there are no special circumstances that would somehow make an award of attorney's fees in this case unjust.

Plaintiff's Application for Attorney Fees under the EAJA (Doc. No. 28) in therefore **GRANTED**, and fees in the amount of $5,010.73 are awarded to Plaintiff's counsel, Phillip A. George, Esq.

It is so **ORDERED**.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge